### 11730

#### PICKENS COUNTY v. SOUTHERN RWY. CO.

(127 S. E., 365)

COMMERCE—RAILROADS—PENALTY FOR RAILROAD'S DELAY IN COMPLETION OF BRIDGE OVER TRACKS UNWARRANTED, WHERE NO ROAD CONNECTS WITH BRIDGE, AND RECOVERY UNCONSTITUTIONAL INTERFERENCE WITH INTERSTATE COMMERCE.—Since the provision for penalty contained in Act March 3, 1922 (Laws 1922, p. 1543), requiring interstate railroad's construction of bridge, was obviously to prevent temporary obstruction of public way, where public authorities had not obtained right of way or opened street or road connecting with bridge, recovery of penalty for delay in completion of bridge was unwarranted and would constitute unconstitutional interference with interstate commerce.

Before TOWNSEND, J., Pickens, October, 1923. Affirmed.

Action by Pickens County against the Southern Rwy. Co. Judgment for defendant and plaintiff appeals.

The following is the ruling of the Circuit Judge on motions by both parties for directed verdict on which the Supreme Court bases its decision:

This is an action to recover a penalty for delay on the part of defendant in building a bridge across the railroad track of defendant, which track is an instrument and artery of interstate commerce, in compliance with an act of the General Assembly, approved March 3, 1922, p. 1543 of the act of the assembly.

The defendant railroad, operating its trains over the track, is engaged in interstate commerce.

Both parties move for the direction of a verdict. After hearing all the evidence in the case, I am of the opinion that in passing this act the General Assembly contemplated that the public authorities, having jurisdiction over streets or roads and highways, would lay out and construct a public way in connection with the proposed bridge so as to afford the public a passageway over the railroad tracks at the point, or place, where the bridge was ordered built. This is the only conceivable purpose of the act. And, in order to prevent injury to the public by delay in carrying out the legislative purpose, which would amount to a temporary obstruction of a public way, the act provides a penalty of $100 a day upon the railroad company for each day of delay after the expiration of the six months limited, within which period the bridge was directed to be built.

The complaint alleges: That the bridge was built at the point directed, but not completed until 53 days after the period limited in the act. The evidence sustains this allegation of the complaint. · But it does not appear from the evidence that the public authorities have ever obtained a right of way for or opened or constructed a street, road or other highway connecting with the bridge so as to carry out the legislative purpose of affording the public a passageway across the railroad tracks at the point in question. The uncontradicted evidence is that there is, as yet, no road leading to, or connecting with, the bridge. Therefore the delay in completing the bridge cannot have occasioned any injury to the public. Under such circumstances, it could not have

been the legislative intent to impose the penalty. It does not appear that there was any public way interrupted or obstructed by the delay in building the bridge.

To construe the act as imposing the penalty, under the circumstances shown by the uncontradicted evidence on this trial, would render the penalty a direct interference with, and burden upon, interstate commerce, in violation of the United States Constitution (Const. U. S., Art. 1, § 8, Subd. 3).

For these reasons, the jury is directed to find a verdict in favor of the defendant.

*Messrs. Martin Blythe, Craig & Keith,* for appellant, cite: *Act Constitutional:* 122 S. E., 516; 33 Cyc., 648; 7 Cyc., 422; 7 Cyc., 446; 179 U. S., 343; 33 Cyc., 677. *County due to complete bridge even if road incomplete:* 121 S. E., 396; 96 S. C., 224. *Definition of road:* 37 Cyc., 1617; 29 L. R. A., 208; 208 Mo., 622; 12 Wis., 649; 10 Q. B. D., 358; 26 Am. Rep., 700; 3 Rich. L., 160. "Bridge," 1 Words and Phrases, 871; 4 R. C. L., 194; 9 C. J., 420; 55 S. E., 941; 24 Atl., 761. *Plaintiff should have been allowed to amend:* 68 S. C., 403; Code, 1922, Sec. 432-436; 96 S. C., 18.

*Messrs. F. G. Tompkins, Carey & Carey* and *W. C. Hughs,* for respondent, cite: *Act in question:* Stat. 1922, p. 1543. *Penalty unlawful and unreasonable:* 120 S. E., 561; 26 A. L. R., 1197. *Statute should be construed reasonably:* 100 S. E., 355; 106 S. C., 93; 242 U. S., 190. *Act unconstitutional:* 99 S. C., 275; 99 S. C., 377; 80 S. C., 130; 116 S. C., 193. *Amendment properly refused:* 108 S. C., 257; 81 S. C., 574; 75 S. C., 350; 74 S. C., 350; 1 Code 1922, Sec. 436; 79 S. C., 270; 80 S. C., 213; 103 S. C., 214.

March 27, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by his Honor, Judge Townsend, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES FRASER and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.